## HALE v. TRIEST et al.

(Supreme Court, Appellate Division, First Department.   April 4, 1912.)

1. VENDOR AND PURCHASER (§ 57*)—OPTIONS—LIABILITY.

   A complaint alleged that on defendants' request plaintiff gave an option, whereby defendants were given until a certain date to secure a purchaser for plaintiff's farm at a specified price; that defendants later notified plaintiff that a purchaser had been procured, and· obtained from plaintiff a copy of his deed and a power of attorney to enable them to convey the land; that still later defendants notified plaintiff that the sale had not been made, and that defendants had refused upon demand to pay the amount of the purchase price. *Held*, that the complaint was insufficient to show any liability on the part of defendants; the option having been one to secure a purchaser, and not an option to purchase.

   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 87; Dec. Dig. § 57.*]

2. PRINCIPAL AND AGENT (§ 146*)—LIABILITY OF AGENT OF UNDISCLOSED PRINCIPAL.

   The liability on the contract made by an agent, acting for an undisclosed principal, is to the person who enters into the contract with the agent, and not to his principal.

   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 521–527; Dec. Dig. § 146.*]

Appeal from Special Term, New York County.

Action by Carleton Hale against Hans Triest and others. From an order granting a motion by plaintiff for a judgment on the pleadings, defendants appeal. Reversed, and motion denied, with leave to serve an amended complaint.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

James L. Bishop, for appellants.
Murphy & Fultz, for respondent.

CLARKE, J.   [1] The complaint alleges that the defendants, on or about April 5, 1910, authorized one Henry Puttkamer (as their agent) to secure an option of the plaintiff for the sale of plaintiff's farm or plantation in Mexico, known as "Passo del Ingenio"; that, upon request of defendants, plaintiff furnished said option in writing, whereby the defendants were given until September 3, 1910, to secure a purchaser of the farm, 340 hectares in area, at $120 American gold per hectare; that said option was accepted by the defendants; that on or about the 19th of June, 1910, defendants informed plaintiff that said farm had been sold, and requested plaintiff to furnish defendants with a copy of the deed to said farm and power of attorney, to enable defendants to convey said property and receive the purchase money; that plaintiff furnished said copy of deed and power of attorney; that on July 21, 1910, plaintiff was directed by defendants not to incur any expenses in improving or operating said farm above that necessary to keep it in order until the arrival of the purchaser; that from time to time during the months of July and August defendants informed the plaintiff that the purchase money

would soon be paid; that, relying upon defendants' representations as to the sale of the said farm and defendants' instructions as to the management of said farm, plaintiff tapped no rubber trees, planted no more plants, and purchased no cattle for fattening, all of which plaintiff would have done, but for said representations and instructions; that, relying on defendants' representations as to the sale of said farm, plaintiff refused to sell to other purchasers desiring to purchase, did not cultivate, except as instructed, did not make certain improvements contemplated, and for want of these improvements has been compelled to spend certain moneys in patching up old buildings to enable him to properly care for his farm during the wet season; that on or about September 15, 1910, defendants notified the plaintiff that the sale of said property had not been made, and that the purchase price would not be paid to the plaintiff; that ever since the giving of said option plaintiff has been ready, willing, and able to perform on his part, and has demanded of the defendants the amount of the purchase price; that defendants have refused and still refuse to pay; that since the 15th of September plaintiff has been and still is unable to sell the property for as large a price as that agreed upon; and that its present fair market value is less than the price stated in the option. Wherefore he has been damaged in the sum of $12,684, for which he asks judgment, with interest from the 15th of September, 1910.

The defendants demurred, upon the ground that the facts stated did not constitute a cause of action, and the plaintiff moved for judgment on the pleadings. The court granted the motion, saying:

"While the allegations of the complaint are neither definite nor certain, the intendments necessarily drawn in favor of the pleader as on a demurrer require me to hold that contract for purchase of plaintiff's farm and a breach thereof by defendants is alleged. Motion granted, with leave to defendants to plead over."

The respondent states that he has not attempted to allege an express contract to purchase by defendants, but has set forth facts which the law says throw upon the defendants the liabilities of purchasers; that is, he claims that he is suing the defendants as agents for an undisclosed principal.

There is no such allegation in the complaint. The allegation is that the plaintiff furnished the defendants an option to secure a purchaser; that defendants informed him that they had, and asked him to send them a copy of the deed and a power of attorney to enable them to convey. This is an allegation of an employment of defendants by plaintiff as agents to sell, and not to purchase. An option to procure a purchaser is not an option to purchase. What plaintiff gave to defendants was merely an authorization to find a purchaser at a fixed price. When defendants reported that they had found such customer, and requested the necessary papers to make conveyance to him, and said purchaser subsequently refused to complete, upon what principle can the obligation to purchase be transferred to the agent, who had undertaken to procure a purchaser?

[2] Respondent has mistaken the basis of the rule of undisclosed principal. The liability of the agent arises out of a real contract made

by the agent, and not out of an obligation imposed by law for a failure to discover the principal. No such contract is alleged. The liability of an agent upon the theory of undisclosed principal is to the person with whom he deals as agent, ostensibly for himself, but really for his principal. It is not to his principal. His liability to his principal is to exercise good faith, to obey instructions, to account. Parts of several causes of action are hinted at in the complaint. But none are complete. Sufficient facts are not set forth to constitute the cause of action claimed by the respondent.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion for judgment denied, with $10 costs, with leave to plaintiff to serve an amended complaint within 20 days on payment of costs. All concur.